OVETT LAND & LUMBER CO. *v.* WIMBERLY.

[68 South. 855.]

1. BILLS AND NOTES. *Negotiable instruments. Trade checks.*
A trade check, reading, "Good for .one dollar in merchandise; void if transferred" is not within the law merchant, and cannot be classed, therefore, as negotiable.

2. SAME.
Such checks are invalid as special contracts in the hands of a third party for the reasons: First, the payee or second party to the contract is not stated;  and second, no consideration is expressed.

3. NEGOTIABLE INSTRUMENTS. *Written assignments. · Right of action.*
A written assignment of a non-negotiable trade check is necessary, before a third party could invoke the aid of our anti-commercial statute giving the assignee of a non-negotiable instrument the right to maintain an action thereon.

APPEAL from the circuit court of Jones county.

HON. P. B. JOHNSON, Judge.

Suit by W. B. Wimberly against the Ovett Land & Lumber Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Goode Montgomery* and *W. J. Pack,* for appellant.

The decision of this case involves the construction of and liability on an order or check issued by appellant to one of its laborers and held by a third person for collection.

It is either a negotiable instrument or special contract. If it is a negotiable instrument, the judgment must be reversed.

(A) It specifically provides that it is payable in merchandise. No provision is made for payment of money, and for the court to render a judgment for money is to read into the contract and to substitute something the parties thereto never placed therein. Appellee should have brought some appropriate action by which he could enforce his right to the merchandise but failing to do this he must suffer the consequence of his folly.

(B.) If it is not a negotiable instrument, the judgment must be reversed 1. It is not a negotiable instrument, because (a) It names neither payee nor drawee; (b) It is not dated; (c) There is no fixed time for payment; (d) It contains no promise to pay; (e) It calls for payment in other than money. (f) The amount is uncertain. (g) The value is conditional as the merchant may fix the value of goods and further in that it is void in the hands of any other than original holder. (h) It shows on its face that it is void if transferred. Norton on Bills and Notes (3rd. Ed.), 26. 2. The contract must be special and appellee's suit must fail. For the original contract which was entered in by and between appellant and the laborer provided specially that it would become immediately void upon its transfer to another. This is a provision which is perfectly valid in any special contract and is binding on the parties thereto and all others who have knowledge of the provision. Appellee has no greater rights than the laborer who made the contract for he

took it with full knowledge of this provision and therefore cannot be heard to complain.

STEVENS, J., delivered the opinion of the court.

This action of debt was filed by appellee in one of the justice courts of Jones county against appellant, and on the trial of the appeal in the circuit court appellee, as plaintiff below, filed an amended declaration, the material portion of which charges that:

"On the 10th of September, 1910, and at divers other times about said time, the exact dates of which are to plaintiff unknown, the said defendant, the Ovett Land & Lumber Company, issued and delivered for value to certain and divers of its laborers and employees, the names of whom are to plaintiff unknown, certain and divers negotiable checks, obligations, and evidences of indebtedness, whereby it, the said defendant, undertook and promised to pay to the bearer of each of said checks, obligations, and evidences of debt the amount severally named in each in merchandise on demand. One of said checks is of the following tenor, to wit: 'Good for one dollar in merchandise, void if transferred. Ovett Land & Lumber Co., Ovett Miss., by M. M. Hull, Jr.' And each of said other checks are of like tenor, except as to the amount, . . . the total amount of all of said checks being fifty-seven dollars and eighty cents. Each of said checks having been issued by said defendant for value as aforesaid were negotiated, sold, and transferred to plaintiff in due course, and whereby the said defendant became and was liable to pay plaintiff said sums on demand."

The declaration further avers that; "Said defendant has hitherto wholly failed and refuses to pay the same. Wherefore a cause of action has accrued to plaintiff to demand said total sum of fifty-seven dollars and eighty cents with all interest and cost, for which he sues and demands judgment."

The declaration or statement of the cause of action in the justice court charged that:

"Plaintiff, being then and there in the mercantile business in the town of Ovett  . . . received and accepted from employees of the defendant Ovett Land & Lumber Company" the checks in question.

The demand in the justice as well as in the circuit court is for a monetary judgment.

A general demurrer was filed in the circuit court to the declaration, some of the grounds of which are as follows:

"Said declaration shows that the checks sued on here were not issued by defendant to plaintiff, and that they were not negotiable." "Said declaration fails to show that plaintiff is a *bona fide* holder for value." "Said declaration shows that the plaintiff obtained said checks with the full knowledge that the same were void in his hands." "Said declaration shows that said checks are payable only in merchandise, even in the hands of the original holder, and defendant here demands a judgment for money." "Said declaration does not show any obligation, either expressed or implied, on the part of defendant to pay. plaintiff anything." "Said instrument shows neither drawee, payee, place of payment, nor date." "Said instrument shows no promise on the part of defendant to pay." "Said declaration shows no obligation on the part of defendant."

The court overruled the demurrer, and, appellant declining to plead further, judgment was entered for the full amount sued for, with costs.  From this judgment appellant appeals, assigning as error the overruling of the demurrer and the rendition of judgment in the court below.

Aside from any other question in the case, the so-called trade checks or documents sued on are not within the law merchant, and cannot be classed, therefore, as negotiable.  They are invalid as special contracts in

the hands of appellee, for the reasons: First, the payee or second party to the contract is not stated; and, second, no consideration is expressed. 1 Elliott on Contracts, par. 7.

Furthermore, appellee has no assignment in writing of any one of these checks or of any claim attempted to be evidenced by them. Such assignment is necessary before appellee could invoke the aid of our anticommercial statute giving the assignee of a nonnegotiable instrument the right to maintain an action thereon. There is no privity of contract whatever between the parties to this suit, and, in our judgment, the declaration states no cause of action. It was error, therefore, to overrule the demurrer.

The judgment of the lower court is reversed and set aside, the demurrer sustained, and the cause dismissed.

*Reversed.*